UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 07-23223 CIV - KING
MAGISTRATE JUDGE GARBER

RESIAS POLYCARPE
AND REYNOLD SULLY,
and other similarly-situated individuals,

   Plaintiff(s),

v.

E & S LANDSCAPING SERVICE, INC.
AND ERNST MAYARD,

   Defendants,
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff, and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Resias Polycarpe (hereinafter "Resias") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Reynold Sully (hereinafter "Sully") is also a resident of Miami-Dade County, Florida. Plaintiffs are both covered employees for purposes of the Act.

3. Defendants, E & S Landscaping Service, Inc. (hereinafter "E & S") and Ernst Mayard (hereinafter "Ernst"); (collectively referred to as "Defendants"), are a Florida corporation and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST E & S AND ERNST FOR RESIAS

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the

Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendants E & S and Ernst's business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a landscaping company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendants as a landscaper for the Defendants business.

8. While employed by Defendants, Plaintiff worked an average of 55 (fifty five) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed. Plaintiff was employed as a landscaper personnel performing the same or similar duties as that of those other similarly-situated landscaper personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

9. Plaintiff was paid an average of $9.75 dollars per hour from on or about March 1998 through August 6, 2007 but has never been compensated for straight or overtime wages for the hours that she worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

10. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

    a. Total amount of alleged unpaid wages:

    **Thirty thousand sixty four dollars and sixty five cents ($30,064.65)**

    b. Calculation of such wages:

    **$14.63** (OT rate per/hour) x **15 hours** of overtime per week = **$219.45** per week;

    **$219.45** (OT owed per week) x **137 weeks** = **$30,064.65** in unpaid overtime wages.

    c. Nature of wages (e.g. overtime or straight time):

    This amount represents unpaid **overtime** wages.

11. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

12. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13. At the times mentioned, Defendant Ernst was, and is now, the Director and/or owner of Defendant Corporation. Defendant Ernst was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant Ernst had operational control of the business, provided Plaintiff with her work schedule, and is thus jointly liable for Plaintiff's damages.

14. Defendant E & S and Ernst willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

15. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff, Sully, and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants E & S and Ernst on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:

## DEFENDANTS E & S AND ERNST'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF RESIAS PURSUANT TO 29 U.S.C. 215(A)(3).

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

17. This action arises under the laws of the United States.

18. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

19. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

20. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

21. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendant E & S and Ernst is a landscaping company and president of a landscaping company, respectively, through its business activity,

affects interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff worked as a landscaper while employed by the Defendants.

22. At the times mentioned, Defendant Ernst was, and now is, the Director and/or owner of Defendant Corporation. Ernst was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in this individual Defendant acted directly in the interests of Defendant employer, in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. This individual Defendant resides in Miami, Florida.

23. Plaintiff, Resias, worked an average of 55 (fifty five) hours per week for Defendants from on or about March 1998 though August 6, 2007 Defendants fired Plaintiff on or about August 6, 2007. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

24. Plaintiff was paid an average of $9.75 per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

25. Defendants willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

26. Plaintiff complained about Defendants nonpayment of overtime on August 2, 2006 and was subsequently fired.

27. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

28. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Resias, requests that this Honorable Court:

A. Enter judgment against the Defendants E & S and Ernst for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C. Plaintiff demands a trial by jury as to each count of this complaint.

## COUNT III:

## WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST E & S AND ERNST FOR SULLY

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

30. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce,

particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

32. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendants E & S and Ernst's business activities involve those to which the Fair Labor Standards Act applies. The Defendants are a landscaping company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendants as a landscaper for the Defendants business.

33. While employed by Defendants, Plaintiff worked an average of 55 (fifty five) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed. Plaintiff was employed as a landscaper personnel performing the same or similar duties as that of those other similarly-situated landscaper personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

34. Plaintiff, Sully, was paid an average of $10.00 dollars per hour from on or about April 2002 through August 6, 2007 but has never been compensated for straight

or overtime wages for the hours that she worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

a. Total amount of alleged unpaid wages:

**Thirty thousand eight hundred and twenty five dollars ($30,825.00)**

b. Calculation of such wages:

**$15.00** (OT rate per/hour) x **15 hours** of overtime per week = **$225.00** per week;

**$225.00** (OT owed per week) x **137 weeks** = **$30,825.00** in unpaid overtime wages.

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid **overtime** wages.

36. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time

and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

38. At the times mentioned, Defendant Ernst was, and is now, the Director and/or owner of Defendant Corporation. Defendant Ernst was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant Ernst had operational control of the business, provided Plaintiff with her work schedule, and is thus jointly liable for Plaintiff's damages.

39. Defendants E & S and Ernst willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff, Sully, and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants E & S and Ernst on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT IV:

## DEFENDANTS E & S AND ERNST'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF SULLY PURSUANT TO 29 U.S.C. 215(A)(3).

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

42. This action arises under the laws of the United States.

43. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

44. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

45. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

46. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants E & S and Ernst are a landscaping company and president of a landscaping company, respectively, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff worked as a landscaper while employed by the Defendants.

47. At the times mentioned, Defendant Ernst was, and now is, the Director and/or owner of Defendant Corporation. Ernst was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in this individual Defendant acted directly in the interests of Defendant employer, in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. This individual Defendant resides in Miami, Florida.

48. Plaintiff, Ernst, worked an average of 55 (fifty five) hours per week for Defendants from on or about April 2002 though August 6, 2007 Defendants fired Plaintiff on or about August 6, 2007. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

49. Plaintiff was paid an average of $10.00 per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

50. Defendants willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

51. Plaintiff complained about Defendants nonpayment of overtime on August 6, 2006 and was subsequently fired.

52. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words,

Plaintiff would not have been discharged but for his complaint for overtime wages.

53. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Sully requests that this Honorable Court:

D. Enter judgment against the Defendants E & S and Ernst for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

E. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint.

Respectfully submitted,

**REMER & GEORGES-PIERRE, P.A.**
100 N. Biscayne Boulevard
Suite 2800
Miami, Florida 33132
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____   11-26-07
Jason S. Remer, Esq.
Florida Bar Number: 0165580

≈JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

**07-23223**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

### I. (a) PLAINTIFFS
Resias Polycarpe, Reynold Sully

**(b)** County of Residence of First Listed Plaintiff   MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
REMER & GEORGES-PIERRE, P.A.
100 N BISCAYNE BLVD., ST 2800
MIAMI, FL 33132

### DEFENDANTS
E & S Landscaping Services, Inc.

**CIV - KING**
**MAGISTRATE JUDGE**
County of Residence of First Listed Defendant   / GARBER
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☒ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

DADE-07-23223-CIV-KING/GARBER

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE                         DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 USCS 201-219

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE  11-26-07

FOR OFFICE USE ONLY
AMOUNT $350.00  RECEIPT # 97155 /IFP 12/11/07