UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 07-23223-CV-JLK

RESIAS POLYCARPE and
REYNOLD SULLY
and all others similarly situated,

      Plaintiffs,

v.

E & S LANDSCAPING SERVICE, INC.
and ERNST MAYARD,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO ENTERPRISE COVERAGE AND LIMITING ISSUES AT TRIAL

**THIS MATTER** comes before the Court upon Plaintiffs' Motion for Summary Judgment as to Enterprise Coverage (DE #60), filed September 6, 2011. Therein, Plaintiffs seek summary judgment on the issue of enterprise coverage under the Fair Labor Standards Act ("FLSA") as relevant to this Court's subject matter jurisdiction. The Court is fully briefed in the matter.[1] Upon consideration of the record, the pleadings, and in light of the Eleventh Circuit Court of Appeals' decision in *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010), the Court finds it must grant the Motion.

### I. Background

In 2007, the Plaintiffs, former employees of a landscaping company, filed a Complaint in the above-styled action seeking monetary damages under the Fair Labor Standards Act ("FLSA"). (DE

---

[1] Defendants filed a Response (DE #63) on September 23, 2011, and Plaintiffs filed a Reply (DE #66) on September 29, 2011.

#1). Plaintiffs allege that Defendants' business is an enterprise under the FLSA.[2] (DE #1, ¶ 7). In the initial action, this Court entered an Order Granting Defendants' Motion for Summary Judgment, finding that the Defendants' landscaping business did not qualify for enterprise coverage under the FLSA because the business was strictly local in nature. (DE #24, at 5). Specifically, this Court rejected Plaintiffs' argument that locally-purchased office supplies, landscaping equipment, and tools qualified as "goods" that have moved in interstate commerce to satisfy enterprise coverage under the FLSA. Instead, this Court applied the "coming to rest" doctrine, holding that because Defendants purchased these materials at local retailers to be used in a local business, they did not move in interstate commerce to satisfy enterprise coverage. (DE #24, at 5).

On appeal, the Eleventh Circuit Court of Appeals vacated this Court's Order Granting Defendants' Motion for Summary Judgment. *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010). The Eleventh Circuit held that the application of the "coming to rest" doctrine was misguided, and remanded the above-styled action for this Court's re-evaluation of the enterprise coverage issue. *Id.* at 1228. The Eleventh Circuit mandated that "the district court will have to decide whether the items evidenced by Plaintiffs were produced in or moved interstate and, if so, whether enterprise coverage exists under the handling clause because those items count as 'goods' (not subject to the ultimate-consumer exception) or as 'materials.'" *Id.* at 1228–29.

On March 18, 2011, this Court entered an order re-opening the case. (DE #44). After additional discovery into the enterprise coverage issue, Plaintiffs now move for summary judgment,

---

[2] As discussed in more detail in Part III, *infra*, enterprise coverage requires the employees to have handled "goods" or "materials" that have moved in interstate commerce, as well as at least $500,000 in annual gross volume of sales. 29 U.S.C. § 203(s)(1)(A) (2006). Defendants do not dispute that the gross volume of sales satisfies the second prong of enterprise coverage. (May 21, 2008 Ernst Mayard Dep., at 34–35, DE #16-1).

2

arguing that the office supplies, trucks, landscaping equipment, and tools qualify as "materials" that have moved in commerce to satisfy enterprise coverage under the FLSA. (DE #60, at 11–12).

A review of the record reveals that the following facts are undisputed.[3] (DE #60; DE #63). E & S Landscaping is a South Florida landscaping company. (DE #12-1). The Plaintiffs' work for E & S Landscaping consisted of weeding, edging, leaf blowing, raking, and pulling weeds at different properties in South Florida. (Ernst Mayard Aff., DE #12-1; June 3, 2008 Sully Dep., at 17, DE #16-12). In the course of their employment, Plaintiffs used tools, such as lawnmowers, weed eaters, and trimmers. (June 3, 2008 Polycarpe Dep., at 25, DE #16-11). Defendants owned around seven GMC trucks that were manufactured outside the state of Florida. (May 21, 2008 Ernst Mayard Dep., at 8–9, DE #16-1). At least two employees of the Defendants used the GMC trucks to transport themselves and the landscaping equipment to the various job sites. (Aug. 8, 2011 Ernst Mayard Dep., at 10–11, 29, DE #60-1; June 3, 2008 Polycarpe Dep., at 25, DE #16-11; Def.'s Resp. to Pls.' 2d Req. for Admissions, No. 9; DE #60-6, at 5).

## II. Legal Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24.

---

[3] Usually, the Court looks to the movant's Statement of Undisputed Material Facts and the non-moving party's response thereto; however, the Plaintiffs have failed to provide a Statement of Undisputed Material Facts in violation of Local Rule 7.5. The Court notes this violation of the local rules and expects full compliance going forward.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

An employer falls under the enterprise coverage provision of the the FLSA if it 1) "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and 2) has at least $500,000 of "annual gross volume of sales made or business done." *Polycarpe*, 616 F.3d at 1220 (citing 29 U.S.C. § 203(s)(1)(A)). "If an employer ha[s] two or more workers engaged in commerce or the production of goods for commerce,

the FLSA coverage extend[s] to all of the enterprise's employees." *Id.* at 1220. The FLSA defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b) (2006).

In the above-styled action, it is uncontested that the Defendants' landscaping business grossed over $500,000 a year to satisfy the second prong of enterprise coverage. (May 21, 2008 Ernst Mayard Dep., at 34–35, DE #16-1). Therefore, the only issue before this Court on Plaintiffs' Motion for Summary Judgment is whether, when reviewing the record in the light most favorable to the Defendants, the Plaintiffs have proven that the Defendants employed two or more employees who regularly and recurrently handled "goods" or "materials" that moved across state lines to satisfy the first prong of enterprise coverage.

Although it is sufficient that the tools and equipment qualify as *either* "goods" *or* "materials," there is an important distinction between the labels. *Id.* at 1229 n.17. "Goods" are subject to the ultimate-consumer exception, while "materials" are not. *Id.* at 1222. Under the ultimate-consumer exception, "goods" that are consumed by the employer do not satisfy enterprise coverage. *Id.*; 29 U.S.C.A. § 203(i) (2006). If the Court finds that the tools and equipment qualify as either "goods" (not subject to the ultimate-consumer exception) or "materials," then the Court must determine whether the "goods" or "materials" moved in interstate commerce. In so determining, the Eleventh Circuit instructs that the court should look to where an item was produced, as opposed to where it was purchased. *Polycarpe*, 616 F.3d at 1221.

The FLSA defines "goods" as "goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof . . . ." 29 U.S.C. § 203(i) (2006). The statute, however, provides no

definition for "materials." As a result, the Eleventh Circuit established a two-part framework to determine whether an item qualifies as a "material" under the FLSA. The first inquiry is "whether, in the context of its use, the item fits within the ordinary definition of 'materials' under the FLSA." *Polycarpe*, 616 F.3d at 1225–26. The Eleventh Circuit defines "materials" under the FLSA as "tools or other articles necessary for doing or making something." *Id.* at 1223–24. The second inquiry is "whether the item is being used commercially in the employer's business." *Id.* at 1225–26. Under this prong, the "materials" "must have a significant connection with the employer's commercial activity," as opposed to a mere incidental use. *Id.* at 1226.

In *Polycarpe*, the Eleventh Circuit provided some insight into how a court should distinguish between "goods" and "materials," emphasizing how a particular item may take on a different designation depending on the context of its use. *Id.* at 1226. As an example, the Eleventh Circuit discussed how a plate used by a catering company would qualify as a "material," while a plate for sale in homewares store would qualify as a "good." *Id.* The Eleventh Circuit also credited an opinion letter by the Department of Labor for the proposition that interstate cooking equipment in a restaurant would qualify as a "material" because the "restaurant uses interstate cooking equipment as an article to perform its commercial activity of serving food." *Id.* at 1225. Based on these guidelines, this Court must now determine whether any of the items used in Defendants' landscaping business qualified as "goods" or "materials."

In the Motion for Summary Judgment, Plaintiffs argue that many items used by Plaintiffs in course of their employment for the Defendants, ranging from pens to lawnmowers, qualify as "materials" under the FLSA. (DE #60). A review of the record, however, reveals a dearth of evidence on where any of these alleged "materials" were produced. The trucks driven by Plaintiffs are the only

items about which it is undisputed that they were produced out of state. (Def.'s Resp. to Pls.' 2d Req. for Admissions, No. 9; DE #60-6, at 5). Therefore, the Court's analysis focuses on the narrow issue of whether the trucks driven by at least two of Defendants' employees to transport the landscapers and the lawn equipment from client to client qualify as "goods" (not subject to the ultimate-consumer test) or "materials" to satisfy enterprise coverage.

With regard to the trucks, it is undisputed that at least two of Defendants' employees used these trucks to transport themselves, the Plaintiffs, and the lawn maintenance equipment from client to client. It is also undisputed that the trucks were manufactured out of state. Given these undisputed facts, the Court must now decide, as a matter of law, if the trucks qualify as "goods" or as "materials."

In the Motion for Summary Judgment, Plaintiffs argue that the trucks driven by at least two of Defendants' employees to transport themselves, the Plaintiffs, and the lawn equipment from client to client qualify as "materials" because the trucks had a "'significant connection' to Defendant's performance of its commercial activity of landscaping." (DE #66, at 4).

Defendants disagree as a matter of law. Instead, Defendants argue that vehicles exclusively qualify as "goods" that are subject to the ultimate-consumer exception. (DE #63, at 10–11). In support of this argument, Defendants rely exclusively on *Rodilla v. TFC-RB, LLC*, Case No. 08-21352-CIV-AMS, 2009 WL 3720892 (S.D. Fla. Nov. 4, 2009), for the proposition that regardless of the context of use, vehicles are "goods." (DE #62, at 11). In *Rodilla*, Magistrate Judge Andrea M. Simonton held that the vehicles rented out by a car rental company could not qualify as "materials" because the rental vehicles were the very "goods" at the center of the car rental company's business. *Id.* at *13. In so holding, Magistrate Judge Simonton acknowledged that a determination of whether

an item is a "good" or a "material" necessarily relies on the factual context of its use. *Id.* at *14 ("the cases involving the use of landscaping materials, cleaning and building supplies, or even car parts, are factually distinct from this case . . . ."). Therefore, contrary to Defendants' contention, the holding of *Rodilla* is limited to its facts. Accordingly, the Court will now focus on the undisputed facts of the instant case.

In the above-styled action, the Defendants' business is to provide on-site landscaping services to clients. Unlike the car rental company in *Rodilla*, the Defendants' landscaping business is not involved in the commercial renting out or selling of its trucks. To the contrary, the Defendants' employees use the trucks as an article to reach the job sites to perform the commercial service of lawn maintenance. *See Polycarpe*, 616 F.3d at 1225 (reasoning that cooking equipment is a "material" used by a restaurant in the performance of its commercial food service). Given that factual distinction, the Court finds that the Defendants' trucks cannot qualify as "goods" because the Defendants do not sell or deal in trucks. *See id.* at 1226 (opining that a dinner plate sold by a business would qualify as a "good," while a plate utilized by a business in furtherance of its commercial purpose would qualify as a "material"). Instead, the Court finds that under the facts specific to the instant case the trucks come within the definition of "materials" because their use is necessary to do something—*i.e.*, it is necessary for the Defendants' employees to use the trucks to transport themselves and the landscaping equipment to each work site. *See id.* (finding that a dinner plate used by a catering company would have a significant connection to the catering business).

Further, the Court finds that the undisputed facts demonstrate that the trucks had a significant, and not incidental, connection with the Defendants' commercial landscaping business. The undisputed facts reveal that the trucks are an integral tool used by at least two employees of

8

Defendants' commercial landscaping business to transport the landscapers and the landscaping equipment to each work site. Finally, it is undisputed that the trucks were manufactured out of Florida. (Def.'s Resp. to Pls.' 2d Req. for Admissions, No. 9; DE #60-6, at 5).

## IV. Conclusion

Upon careful review of the undisputed facts on the record pursuant to the mandate of the Eleventh Circuit Court of Appeals, the Court finds that the trucks driven by Plaintiffs and other employees of the Defendants to transport themselves and the lawn equipment from client to client qualify as "materials" that have traveled in commerce to trigger enterprise coverage under the FLSA.

Accordingly, having considered the parties' filings and being otherwise advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion for Summary Judgment as to Enterprise Coverage (DE #60) be, and the same is hereby, **GRANTED**. The issues at the trial scheduled for January 23, 2012 are hereby **LIMITED** to Defendants' alleged liability under the FLSA.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida on this 3rd day of November, 2011.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiffs*
**Jason Saul Remer**
Remer & Georges-Pierre
New World Tower
100 N Biscayne Boulevard
Suite 2800
Miami, FL 33132
305-416-5000
Fax: 416-5005
Email: jremer@rgpattorneys.com

**Matthew Stanley Weber**
Remer & Georges-Pierre
100 N. Biscayne Boulevard
Suite 2800
Miami, FL 33132
305-416-5000
Fax: 305-416-5005
Email: mw@rgpattorneys.com

*Counsel for Defendants*
**Chris Kleppin**
Glasser Boreth & Kleppin
8751 West Broward Boulevard
Suite 105
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: glabor@aol.com

**Barry G. Feingold**
8751 W. Broward Boulevard
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: bazlaw@yahoo.com

**Kristopher Walter Zinchiak**
Glasser, Boreth, & Kleppin
8751 W. Broward Blvd. Suite 105
Plantation, FL 33324
954-424-1933
Email: kwz624@gmail.com