UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 07-23223-CV-JLK

RESIAS POLYCARPE and
REYNOLD SULLY
and all others similarly situated,

      Plaintiffs,

v.

E & S LANDSCAPING SERVICE, INC.
and ERNST MAYARD,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendants' Motion for Summary Judgment (DE #61), filed September 7, 2011. Therein, Defendants seek summary judgment, arguing that the Plaintiffs have failed to present sufficient evidence in support of their unpaid overtime and retaliatory discharge claims under the Fair Labor Standards Act ("FLSA"), that there is insufficient evidence of damages, and that Plaintiffs, as undocumented workers, may not bring suit under the FLSA. The Court is fully briefed in the matter.[1] Upon careful consideration of the record and the pleadings, the Court finds it must deny Defendants' Motion for Summary Judgment.

### I. Legal Standard

It is well-settled that summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is

---

[1] Plaintiffs filed a Response (DE #65) on September 26, 2011, and Defendants filed a Reply (DE #69) on October 11, 2011.

entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment may also be appropriate where, after adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23. When evaluating a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## II. Analysis

In the above-styled action, Plaintiffs, former employees of a landscaping company, seek monetary damages for unpaid overtime wages and retaliatory discharge under the FLSA. (Compl., DE #1). In the Motion for Summary Judgment, Defendants argue that the Plaintiffs have failed to present sufficient evidence in support of their unpaid overtime and retaliatory discharge claims under the FLSA, that there is insufficient evidence of damages, and that Plaintiffs, as undocumented workers, may not bring suit under the FLSA. For the following reasons, Defendants' Motion for Summary Judgment must be denied.

Upon consideration of the record, the Court finds that Plaintiffs have provided sufficient evidence in support of their claims and in support of damages. With respect to the unpaid overtime claim,[2] Plaintiffs testified that there were weeks when they worked over 40 hours, yet were not paid overtime wages. (Aug. 30, 2011 Polycarpe Dep., at 108–10, DE #64-6; June 3, 2008 Sully Dep., at

---

[2] To establish a claim for unpaid overtime, Plaintiffs must provide evidence that:1) "he or she worked overtime without compensation" and 2) that the employer "knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007).

2

56–58, DE #64-1). Plaintiffs also testified that the Defendants did not employ a system for keeping a record of hours worked and instructed the foremen not to document the hours worked by the landscapers at various job sites. (May 21, 2008 Ernst Mayard Dep., at 41–42, DE #64-10; June 3, 2008 Polycarpe Dep., at 36, DE #64-4). Despite the lack of documentary evidence of Plaintiffs' alleged overtime, their testimony provides sufficient evidence in support of the unpaid overtime claim because the Defendants are alleged not to have kept records. *See, e.g., Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314, 1317–18 (11th Cir. 2007) (reversing grant of summary judgment in defendant's favor despite "Plaintiffs' lack of documentation and inability to state with precision the number of uncompensated hours they worked and the days on which that work was performed" where the accuracy of defendant's record-keeping procedures was questioned). With respect to the retaliatory discharge claim,[3] both Plaintiffs testified that they were fired after they complained to a supervisor about not being paid for their overtime hours. (June 3, 2008 Sully Dep., at 41–42, DE #64-1; Aug. 30, 2011 Polycarpe Dep., at 118, DE #64-6). Taking this evidence in light most favorable to the Plaintiffs, the Court finds there is sufficient evidence in support of both the unpaid overtime and retaliatory discharge claims under the FLSA.

In addition, the Court finds that the Eleventh Circuit decision in *Patel v. Quality Inn S.*, 846 F.2d 700 (11th Cir.1988), has foreclosed Defendants' argument that undocumented workers may not bring a claim under the FLSA. In *Patel*, the Eleventh Circuit held that undocumented/illegal workers qualified as "employees" eligible to bring a claim under the FLSA. *Id.* Defendants urge this Court

---

[3] To establish a prima facie case of retaliation, Plaintiffs must provide evidence that: 1) they engaged in statutorily protected conduct or expression; 2) they suffered adverse employment action subsequent to such activity; and 3) that there was a causal link between the protected conduct or expression and the adverse employment action. *Little v. United Tech.*, 103 F.3d 956, 959 (11th Cir. 1997).

to disregard the holding in *Patel* based on the United States Supreme Court decision in *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002), which held that illegal workers are not entitled to relief under the National Labor Relations Act. Only a few months ago, the Eleventh Circuit rejected this very argument. *See Galdames v. N & D Inv. Corp.*, 432 Fed. App'x 801 (11th Cir. 2011) (holding *Patel* is still valid binding precedent post-*Hoffman Plastic Compounds, Inc.*). As *Patel* continues to be valid binding precedent in this Circuit, the Court denies summary judgment on this ground as well.

Accordingly, having considered the parties' filings and being otherwise advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendants' Motion for Summary Judgment (DE #61) be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida on this 3rd day of November, 2011.

JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc:

**Counsel for Plaintiffs**
**Jason Saul Remer**
Remer & Georges-Pierre
New World Tower
100 N Biscayne Boulevard
Suite 2800
Miami, FL 33132
305-416-5000
Fax: 416-5005
Email: jremer@rgpattorneys.com

4

**Matthew Stanley Weber**
Remer & Georges-Pierre
100 N. Biscayne Boulevard
Suite 2800
Miami, FL 33132
305-416-5000
Fax: 305-416-5005
Email: mw@rgpattorneys.com

*Counsel for Defendants*

**Chris Kleppin**
Glasser Boreth & Kleppin
8751 West Broward Boulevard
Suite 105
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: glabor@aol.com

**Barry G. Feingold**
8751 W. Broward Boulevard
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: bazlaw@yahoo.com

**Kristopher Walter Zinchiak**
Glasser, Boreth, & Kleppin
8751 W. Broward Blvd. Suite 105
Plantation, FL 33324
954-424-1933
Email: kwz624@gmail.com