UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 07-23223-CV-JLK

RESIAS POLYCARPE and
REYNOLD SULLY
and all others similarly situated,

      Plaintiffs,

v.

E & S LANDSCAPING SERVICE, INC.
and ERNST MAYARD,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION
## TO STRIKE CERTAIN PLAINTIFFS' WITNESSES

**THIS MATTER** comes before the Court upon Defendants' Motion to Strike Certain Plaintiffs' Witnesses and Exhibits (DE #78), filed January 3, 2012. Therein, Defendants seek to strike various Plaintiffs' witnesses on the basis that they were not timely disclosed.[1] The Court is fully briefed in the matter.[2] Upon consideration of the pleadings, the record, and Plaintiffs' Amended Trial Witness List (DE #82-3), filed February 23, 2012, the Court finds it must deny Defendants' motion.

The above-styled action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). This Court has previously ruled that Defendants' landscaping business satisfies

---

[1] Defendants also seek to strike certain exhibits as irrelevant. The Court reserves ruling on this matter until the upcoming Pretrial Conference.

[2] Plaintiffs filed a Response (DE #79) on January 20, 2012, and Defendants filed a Reply (DE #81) on February 1, 2012.

enterprise coverage under the FLSA. (DE #74). The only issues to be determined at trial pertain to Defendants' liability and Plaintiffs' damages, if any.

On November 4, 2011, the Court held a pretrial conference, during which Defendants objected to Plaintiffs' Trial Witness List (DE #72-3) on the basis of untimely disclosure in violation of Rule 26. (DE #76). Defendants argued that since Plaintiffs never listed many of the proposed witnesses in their initial disclosures, Defendants had not had the opportunity to depose these witnesses prior to trial. At that time, the Court declined to strike Plaintiffs' witnesses, finding it would be too harsh a remedy given the apparent miscommunication and confusion among the Parties. Instead, in an effort to resolve this dispute and promote a fair trial, the Court continued the trial until May 7, 2012 so that the Parties could exchange witness lists and conduct any additional depositions. Specifically, the Court ordered Plaintiffs to furnish the names of their witnesses to defense counsel, allotted Defendants three days to advise Plaintiffs of the witnesses for depositions, and provided an additional 60 days to conclude the depositions. (DE #76).

On January 3, 2012, *after* the close of this 60-day supplemental discovery period, Defendants filed the instant motion to strike the same witnesses on the basis that Defendants were unable to subpoena them for depositions because Plaintiffs did not provide the witnesses' addresses in violation of Rule 26. (DE #78, at 3, 5). Specifically, Defendants seek to strike Plaintiffs' witnesses Roigatus Hileis,[3] Clement Moraine, Justin Simone, Paul Belzea, Alvin Davis, Shekinah Mayard, and Dala Mayard.[4] (DE #78, at 6–7). In response, Plaintiffs contend that the Court should not strike any

---

[3] The Parties' filings suggest numerous variations in the spellings of the witnesses' names, and the Court apologizes for any misspellings of the witnesses' names in its Order.

[4] In the motion, Defendants also seek to strike witnesses Lycee Tertulie Julbeau, Jean Michael Telfort, and Davis Ivan. As Plaintiffs' Amended Trial Witness List (DE #82-3) no

of the witnesses as Plaintiffs provided Defendants with the addresses of Alvin Davis and Paul

Belzea, Defendants already had the address of Roigatus Hileis as evidenced by a subpoena issued

on December 16, 2011, and Plaintiffs did not have the addresses of the remaining witnesses, who

were all employed by or related to Defendants. (DE #79, at 3–4). Plaintiffs maintain that since

Defendants have had notice of Plaintiffs' proposed witnesses since the November 4, 2011 pretrial

conference, Plaintiffs should not be penalized for Defendants' failure to depose the witnesses during

the 60-day time period. (DE #79, at 7). In their Reply (DE #81), Defendants argue that Plaintiffs'

failure to serve the Rule 26 disclosures is highly prejudicial to Defendants. (DE #81, at 2).

Upon careful consideration of the arguments set forth in the pleadings, the Court finds it must

deny Defendants' Motion to Strike Certain Plaintiffs' Witnesses. As an initial matter, this Court has

evaluated already the extent to which Plaintiffs' failure to serve Rule 26 initial disclosures prejudiced

Defendants, finding that an appropriate remedy would be to re-open the discovery period so that

Defendants could depose the witnesses. (DE #76). If Plaintiffs failed to cooperate or disclose the

contact information of the witnesses, which is contested, Defendants should have filed a motion on

the record with the Court in a timely manner *before* the expiration of the 60-day period. In addition,

it appears from the pleadings that Plaintiffs did disclose whatever contact information they had for

a number of the witnesses, yet Defendants did not attempt to subpoena at least one of the witnesses

until mid-December 2011 for a deposition on December 28, 2011—the final day of the discovery

period. (DE #79, at 12; DE #81-1). Furthermore, Defendants concede that they have in their

possession the addresses of a number of the witnesses who are currently employed by Defendants.

(DE #81, at 4). Nevertheless, Defendants did not attempt to depose these witnesses, and, instead,

---

longer lists these three witnesses, the Court finds that aspect of Defendants' motion to be moot.

seek the harsh sanction of striking these witnesses because "Defendants do not have any responsibility to voluntarily assist the Plaintiffs with ascertaining this basic Rule 26 information." (*Id.*). The Court will reserve its view on whatever may be Defendants' responsibility with regard to furnishing available contact information in a professional manner to opposing counsel. One thing, however, is clear—Defendants had the responsibility to make a demand for the information on the record in a timely fashion. Motion practice and discovery practice in the action have closed. The time for depositions has long since expired.

Accordingly, having considered the parties' filings and being otherwise advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendants' Motion to Strike Certain Plaintiffs' Witnesses (**DE #78**) be, and the same is hereby, **DENIED.**

It is further **ORDERED, ADJUDGED, and DECREED** that the Court **RESERVES RULING** on Defendants' Motion to Strike Certain Plaintiffs' Exhibits (**DE #78**) until the Pretrial Conference scheduled for March 2, 2012.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida on this 24th day of February, 2012.

JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

4

cc:

***Counsel for Plaintiffs***
**Jason Saul Remer**
Remer & Georges-Pierre
New World Tower
100 N Biscayne Boulevard
Suite 2800
Miami, FL 33132
305-416-5000
Fax: 416-5005
Email: jremer@rgpattorneys.com

**Matthew Stanley Weber**
Remer & Georges-Pierre
100 N. Biscayne Boulevard
Suite 2800
Miami, FL 33132
305-416-5000
Fax: 305-416-5005
Email: mw@rgpattorneys.com

***Counsel for Defendants***
**Chris Kleppin**
Glasser Boreth & Kleppin
8751 West Broward Boulevard
Suite 105
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: glabor@aol.com

**Barry G. Feingold**
8751 W. Broward Boulevard
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: bazlaw@yahoo.com

**Kristopher Walter Zinchiak**
Glasser, Boreth, & Kleppin
8751 W. Broward Blvd. Suite 105
Plantation, FL 33324
954-424-1933
Email: kwz624@gmail.com